[Crim. No. 923.   Third Appellate District.—September 4, 1926.]

## THE PEOPLE, Respondent, *v.* FRANK RICHARDSON, Appellant.

[1] CRIMINAL LAW—GRAND LARCENY — VERDICT — EVIDENCE. — In this prosecution for grand larceny the evidence was sufficient to support the verdict of the jury finding the defendant guilty.

[2] ID.—INSTRUCTIONS.—In such prosecution, the charge of the trial court upon the law embraced a full, fair, and clearly expressed statement of all the principles of law pertinent to the nature of the offense charged and the evidence adduced upon both sides of the issue tendered by the defendant's plea of not guilty of the offense of which the information accused him.

---

(1) 16 C. J., p. 931, n. 5; 17 C. J., p. 264, n. 89; 36 C. J., p. 899, n. 34.   (2) 36 C. J., p. 923, n. 72.

APPEAL from a judgment of the Superior Court of Sacramento County and from an order denying a new trial. John F. Pullen, Judge.   Affirmed.

The facts are stated in the opinion of the court.

John J. Bauer for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney General, for Respondent.

HART, J.—Convicted by a jury in the superior court of Sacramento of the crime of grand larceny, as charged in an information previously filed in said court, the defendant has brought the case to this court by an appeal from the judgment and the order denying him a new trial.

Although the transcript containing the record of the case was filed in this court on the twenty-sixth day of March, 1926, no brief in behalf of defendant in support of his appeals has ever been filed herein. The cause was regularly placed on the calendar of this court for its September term to be heard, and counsel for defendant duly notified of that fact, but neither counsel nor the defendant appeared to present an oral argument in support of the appeals when the cause was called for hearing and argument. The attorney-general, upon the situation thus explained as to the appeals, moved that the cause be submitted for consideration and decision upon the record and a brief filed by him, and a submission was accordingly ordered.

The facts briefly stated are: On the fourteenth day of November, 1925, a short time before the hour of 6 o'clock P. M., one H. S. Parker parked his automobile (a Chevrolet coupe) on Ninth Street, between M and N, in the city of Sacramento. Two hours later he returned to get the car, but discovered that it had been taken by someone. In the succeeding month of November the defendant was arrested in the city of Stockton on a warrant charging him with the theft of the automobile. Two officers of Sacramento went to Stockton to take the defendant to Sacramento. On arriving at Stockton and the city jail of that city, the Sacramento officers took charge of defendant, who requested the former to go with him to a garage, where the automobile had been left, so that he (defendant) could get some shirts which he had left in the car. The officers accompanied the defendant to the garage referred to and the defendant took from the automobile the shirts which he stated he had left in the

machine. Thereupon the officers, with the defendant and one Tierney, who had also been arrested at Stockton as an accomplice of the former in the stealing of the car, started in an automobile on their return to Sacramento. On the way to the latter place, so one of the officers testified, the defendant admitted to the officers that he stole the car, but exonerated Tierney from all connection with the commission of the crime, declaring that he alone took the coupe from where it was parked on Ninth Street, between M and N Streets, in Sacramento. Both the officers who conducted the accused from Stockton to Sacramento testified that he (defendant) declared, while on the way to the last-named city, that he was guilty and that he intended to plead guilty and "get the matter over as soon as possible," or words to that effect. When the stolen car was returned to Sacramento it was found by H. S. Parker, the owner, that the license plate bearing the license number assigned to it by the state motor vehicle department, and issued to H. S. Parker, had been removed and another license plate, with a different number, attached to the car and so substituted therefor. Parker testified that the car was of the value of $550.

[1] The above embraces a reproduction in substance of the facts brought out through the evidence introduced by the People. The defendant, taking the stand in his own behalf, denied taking the automobile, claiming that he was visiting with friends some twenty or more miles from the city of Sacramento on the evening on which and at the particular time of that evening at which the car was said by its owner to have been stolen. There was some substantiation of this claimed alibi by two other witnesses, testifying for the defendant. The latter further denied that he went with the officers to the garage in Stockton, where the car in question had been left, and there took from said car any shirts or other articles of personal property belonging to him. The verdict is amply supported. The jury were warranted in finding that the defendant feloniously took the car from Sacramento to Stockton and left it in the garage in the latter city, where it was found, upon the testimony of the officers of the confession of guilt by the accused, and of the fact, as testified to by one of the officers, that defendant, before leaving with his custodians for Sacramento, requested that he be allowed the privilege of procuring certain of his per-

sonal belongings which he had left in the car, and, being granted that privilege, going to the garage and taking from the car certain articles belonging to him. His contradiction of the testimony of the officers, as above indicated, merely had the effect, obviously, of creating an evidentiary conflict, which it was for the jury to settle. Their verdict upon such conflict precludes any just claim that the result arrived at by the jury is without sufficient support in the evidence.

[2] The charge of the court upon the law embraced a full, fair, and clearly expressed statement of all the principles of law pertinent to the nature of the offense charged and the evidence adduced upon both sides of the issue tendered by the defendant's plea of not guilty of the offense of which the information accused him.

The judgment and the order are affirmed.

Finch, P. J., and Plummer, J., concurred.